IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

SUMMIT DNA, L.L.C.,

    Plaintiff,

        v.

                              CIVIL NO.: WDQ-14-1329

PROOVE BIOSCIENCES, INC.,
*et al.*,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Summit DNA, L.L.C. ("Summit") sued Proove Biosciences, Inc. ("Proove") for breach of contract and declaratory judgment, and Brian Meshkin for defamation and tortious interference with business relationships.  Pending are Meshkin's motion to dismiss the complaint for failure to state a claim, and the Defendants' motion to strike the First Amended Complaint.  No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011).  For the following reasons, the motion to strike will be denied, and the motion to dismiss will be denied as moot.

I. Background

On March 8, 2013, Summit and Proove entered into a "Non-Exclusive Independent Sales Organization Agreement," which was prepared by Proove.  ECF No. 1 (hereinafter, "Compl.") at ¶¶ 6-8.  Under the agreement, "Summit was contractually engaged 'on a

non-exclusive basis' to generate potential accounts through qualified sales leads for Proove's services." *Id.* at ¶ 9.  In exchange, Summit would receive a commission for each account generated.  *Id.* at ¶ 10.  "Proove did not pay Summit commissions as required by the Agreement."  *Id.* at ¶ 13.

On March 24, 2014, Proove terminated the Agreement, alleging that Summit had violated the Agreement's conflict of interest provision.  *Id.* at ¶¶ 15-17.  On March 26, 2014, Summit provided notice of cure asserting that it had not breached the provision, and "then terminated the Agreement itself."  *Id.* at ¶ 20.  After the termination of the Agreement, Proove's president, Brian Meshkin, "contact[ed] business relations of Summit and ma[de] damaging false statements as to Summit."  *Id.* at ¶ 21.

On April 18, 2014, Summit sued Proove for breach of contract and declaratory judgment, and Brian Meshkin for defamation and tortious interference with business relationships.  ECF No. 1. On May 15, 2014, Meshkin moved to dismiss for failure to state a claim.  ECF No. 11.  Also on May 15, 2014, Proove answered the complaint, counterclaimed, and filed a third party complaint against Summit's president.  ECF No. 13.

On June 9, 2014, Summit filed an amended complaint.  ECF No. 24.  On June 11, 2014, the Defendants moved to strike the amended complaint.  ECF No. 25.  On June 19, 2014, Summit opposed Meshkin's motion to dismiss for failure to state a

claim.  ECF No. 27.  On June 20, 2014, Summit opposed the motion
to strike the amended complaint as untimely. ECF No. 31.  No
replies were filed.

II. Analysis

A. Motion to Strike

Fed. R. Civ. P. 15(a)(1) allows a party to "amend its
pleading once as a matter of course" within "21 days after
serving it" or, "if the pleading is one to which a responsive
pleading is required, 21 days after service of a responsive
pleading or 21 days after service of a motion under Rule 12(b),
(e), or (f), whichever is earlier."  All other amendments may be
made "only with the opposing party's written consent or the
court's leave."  Rule 15(a)(2).

Fed. R. Civ. P. 6 governs computation of time under the
Federal Rules.  Rule 6(d) adds three days to any period "[w]hen
a party may or must act within a specified time after service[,]
and service is made under Rule 5(b)(2)(C), (D), (E), or (F)."
Rule 5(b)(2)(E) addresses service "by electronic means."  If the
last day of a period falls on a Saturday, Sunday, or legal
holiday, "then the time for filing is extended to the first
accessible day that is not a Saturday, Sunday, or legal
holiday."  Rule 6(a)(3).

Here, Meshkin filed his motion to dismiss and Proove filed
its answer on May 15, 2014.  ECF Nos. 11-13.  These filings were

3

served on Summit through CM/ECF, an electronic system. *See* ECF
No. 11 at 4; ECF No. 13 at 29. Thus, an additional three days
were added to Summit's period in which to amend the complaint.
*See* Fed. R. Civ. P. 6(d); *see also Alliance Solutions, Inc. v.
Quest Software, Inc.*, No. ELH-11-2115, 2012 WL 692883, at *7 (D.
Md. Mar. 1, 2012). With the three-day extension, Summit's
period ended June 8, 2014. However, this was a Sunday, so
Summit had until June 9, 2014 to file an amended complaint
without consent or leave of the Court. *See* Fed. R. Civ. P.
6(a)(3); *see also Alliance Solutions*, 2012 WL 692883, at *7. On
June 9, 2014, Summit filed the amended complaint. ECF No. 24.

Accordingly, the Court will deny the Defendants' motion to
strike the amended complaint.

B. Motion to Dismiss

"It is well settled that an amended pleading supersedes the
original pleading, and that motions directed at superseded
pleadings are to be denied as moot." *Blount v. Carlson Hotels*,
3:11CV452-MOC-DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec. 6,
2011) (*citing Young v. City of Mount Ranier*, 238 F.3d 567, 573
(4th Cir. 2001) ("The general rule . . . is that an amended
pleading supersedes the original pleading, rendering the
original pleading of no effect.")). Because Summit timely
amended the complaint, the motion to dismiss will be denied as
moot.

4

## III. Conclusion

For the reasons stated above, the motion to strike will be denied, and the motion to dismiss will be denied as moot.

_12/16/14_
Date

William D. Quarles, Jr.
United States District Judge