UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 30, 2015

LETTER TO COUNSEL

      RE:    *Summit DNA, LLC v. Proove Biosciences, Inc.*
              Civil Case No. WDQ-14-1329

Dear Counsel:

      Pending before the Court is Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff Proove Biosciences, Inc.'s ("Proove"), and Defendant Brian Meshkin's ("Meshkin") Emergency Motion to Quash Subpoena, or, in the Alternative, for Protective Order or Stay of Deposition of Proove's former employee Bruce Gardner. *See* [ECF No. 47]. Following Judge Quarles's referral of this case to me for resolution of this motion, *see* Fed. R. Civ. P. 72(a), I reviewed Proove's and Meshkin's motion, and Plaintiff and Counterclaim-Defendant Summit DNA, LLC's ("Summit") and Third-Party Defendant George Powell's ("Powell") Opposition thereto. *See* [ECF No. 51]. I convened a conference call with counsel for all parties on October 30, 2015, during which counsel clarified their arguments with respect to the instant motion. This letter memorializes the findings of that phone call. For the reasons discussed herein, Proove's and Meshkin's (hereinafter, "Proove") motion will be DENIED.

      **I.**    **Background**

      Proove's motion arises from a notice of deposition received by their counsel on October 14, 2015. The notice informed counsel for Proove that Summit and Powell (hereinafter "Summit") intended to depose Bruce Gardner, Proove's former Vice President of Sales and Marketing, on November 2, 2015. *See* Defs.' Mot. to Quash 5; *id.* at Ex. A, B; Pl.'s Opp. to Defs.' Mot. to Quash Ex. 1. Mr. Gardner's employment with Proove terminated approximately one month ago, and Mr. Gardner is not a party to this case. Defs.' Mot. to Quash 5. Despite having had notice of Mr. Gardner's deposition, and of the contents of the subpoena ordering it, for over two weeks, Proove waited until the evening of October 29, less than two business days before the deposition is to take place, to file an emergency motion to quash the subpoena or for a protective order and stay of the deposition. Proove argues that the subpoena ordering Mr. Gardner to appear at the deposition in California should be quashed on the basis that, having only been signed by Mr. Philip Touton, *pro hac vice* counsel for Summit and Powell, the subpoena was defective under this Court's Local Rule 101.1. Alternatively, Proove argues that this Court should issue a separate protective order specifically related to Mr. Gardner's subpoena, and should stay his deposition.

II.     Discussion

Proove first argues that Mr. Gardner's subpoena should be quashed because Mr. Touton, who appears *pro hac vice* in this case, was the only signatory to the subpoena. This is improper, Proove asserts, because Local Rule 101.1(b)(i) mandates that parties represented by counsel appearing *pro hac vice* must also be "represented by an attorney who has been formally admitted to the Bar of this Court *who shall sign all documents* and . . . be present at any court proceedings." Loc. R. 101.1(b)(i) (D. Md. 2014) (emphasis added). Proove contends that Mr. Gardner's subpoena is a "document" for the purposes of Local Rule 101, and that, therefore, the subpoena being signed solely by Mr. Touton, and not, additionally, by local counsel, renders the subpoena defective as a matter of "black letter law." Defs.' Mot. to Quash 3. In opposition, Summit argues that Proove has no standing to contest Mr. Touton's signature on the subpoena, since a party may only challenge a subpoena issued to a third party if the original party can show a "personal right or privilege in the information sought by the subpoena," which Summit asserts that Proove cannot. *U.S. v. Idema*, 118 Fed. App'x 740, 744 (4th Cir. 2005). In the alternative, Summit argues that it believes in good faith that "it is not clear that the reference to the term "documents" in [Local Rule 101.1(b)(i)] was intended to apply to third-party subpoenas," but, rather, that the term only covers those documents that are filed with the Court. Pl.'s. Opp. 4.

Neither this Court nor the Fourth Circuit have determined whether the "documents" noted in Local Rule 101.1(b)(i) refer only to documents filed with the Court, or whether that Rule encompasses all documents in a given case. I decline to parse the definition in this case because of the urgent need for resolution of the pending motion. I further decline to quash Mr. Gardner's subpoena on technical grounds. While a motion to quash is not a dispositive motion, the Fourth Circuit has made clear its policy to favor the resolution of cases "on their merits instead of disposing of them on technicalities." *Sciolino v. Citv of Newport News, Va.*, 480 F.3d 642, 651 (4th Cir. 2007). As such, Proove's technical basis for quashing Mr. Gardner's subpoena is not salient.

Proove next argues that, even if the Court refuses to grant its motion to quash, Mr. Gardner's deposition should be made the subject of a separate protective order, and briefly stayed. Defs.' Mot. to Quash 6. According to Proove, the stipulated protective order already in place does not cover Mr. Gardner's deposition because Mr. Gardner is "neither a party to that protective order nor any other protective order." *Id.* at 5. This argument, too, is unpersuasive. Per the parties' Stipulated Confidentiality/Protective Order, [ECF No. 46], a party to the case may unilaterally designate the contents of a deposition as "Confidential" and thereby subject to the protections of the Confidentiality Order. Counsel for Proove is entitled to attend Mr. Gardner's deposition, to cross-examine him, and to denote any information that he shares and that Proove believes is confidential as such. Moreover, whether Mr. Gardner is a party to the case or to the parties' existing protective order is irrelevant. Protective orders protect information, not particular persons. *See Minter v. Wells Fargo Bank, N.A.*, 675 F. Supp. 2d 591 (D. Md. 2009) ("[T]he protective order already in this place is adequate to protect any confidential information produced [by a third party's documents]."). Because the information disclosed in this action, including that revealed by third parties in depositions or in document

production, is currently subject to a protective order, there is no need to order additional protection for Mr. Gardner's deposition.

I am similarly unconvinced by Proove's argument that Mr. Gardner's deposition should be stayed. This Court has held that several factors, such as whether pending rulings will be delayed by staying discovery, whether the non-moving party will be prejudiced by the stay, the scope and length of the requested stay, and the likely harm or injury caused by the deposition, are relevant in considering motions to stay. *See In re Mut. Funds Inv. Litig.*, No. 04-MD-15862, 2011 WL 38919608, at *1 (D. Md. Aug. 25, 2011). Here, the factors ultimately weigh in favor of a denial of the pending motion. The discovery deadline in the instant case is November 25, 2015; twenty-seven days from today's date. This fact belies Proove's contention that "[d]iscovery is still in its early stages." Moreover, as discussed above, the protective order in place is sufficient to allow Proove to ensure that any confidential information Mr. Gardner may discuss at his deposition will remain confidential.

Finally, both parties devote considerable space to arguments regarding the propriety of Mr. Touton's representation of Summit, and whether, specifically, his simultaneous representation of Dr. Daniel Schwarz and Summit disqualifies him from this case. *See* Defs.' Mot. to Quash 6-9; Pl.'s Opp. 11-13. I decline to address this issue, as it should be properly asserted in a separate motion to disqualify. Disqualification, particularly at the behest of opposing counsel, "requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992). The pending motion concerns only the quashing or staying of Mr. Gardner's deposition. Mr. Touton's potential disqualification is a distinct matter that is left to Judge Quarles's resolution if it should arise in a separate motion.

### III. Conclusion

For the aforementioned reasons, Proove's Motion to Quash Subpoena, or in the Alternative, for Protective Order or Stay of Deposition of Former Proove Employee Bruce Gardner, is DENIED.

Despite the informal nature of this letter, it is an Order of the Court and will be flagged as an Opinion.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

cc: Judge William D. Quarles